**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARK S. LENYO**
South Bend, Indiana

ATTORNEY FOR APPELLEE:

**JAY LAUER**
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| D.P., | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1209-JP-384 |
| | ) | |
| M.Y., | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ST. JOSEPH PROBATE COURT
The Honorable Barbara J. Johnston, Magistrate
Cause No. 71J01-0905-JP-537

**March 15, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Petitioner, D.P. (Father), appeals the trial court's order denying Father's petition to modify custody of his minor child, A.P.

We affirm.

## ISSUE

Father raises one issue on appeal, which we restate as follows: Whether the trial court abused its discretion when it denied Father's petition to modify custody.

## FACTS AND PROCEDURAL HISTORY

Father and Appellee-Petitioner, M.Y. (Mother), are the parents of A.P., who was born out of wedlock on April 7, 2009 in South Bend, Indiana. After A.P.'s birth, the State of Indiana, on behalf of Mother, filed a petition to establish paternity. On June 25, 2010, the probate court entered a paternity order in which Mother was granted the care and custody of A.P., with Father being awarded parenting time as agreed upon by the parties. Father was also ordered to pay weekly child support in the amount of $105.

On July 19, 2011, Mother filed her notice of intent to change residency, seeking to move to Texas with A.P. on or about August 19, 2011. Prior to filing this notice, Mother had gone to Houston, Texas, for a two week visit with a boyfriend she had in high school. While there, she had found employment at a fast food restaurant, making an hourly wage of $7.50. Besides finding employment, Mother's other reason for relocating to Texas was to avoid having her car repossessed as she was behind on her car payments.

2

Father discovered Mother's intent to relocate with A.P. after she texted Father at work. In an effort to prevent Mother from leaving the state with his minor child, he contacted the State police but was told that they could not help him. Father then called everybody he knew that could talk to Mother to try to stop her from leaving with A.P. On July 23, 2011, Mother and Father met in a bank's parking lot in Plymouth Indiana. Mother and Father reached an agreement that was reduced to writing by Mother and which stated:

> In the case of [A.P.]
>
> I, [Father], am agreeing to keep [A.P.] for one year, due to circumstances of the [M]other, [], leaving the state for a job opportunity.
> I [Father], am also agreeing to return [A.P.] to her [M]other, [], on the day of her return, no questions asked or court involved.
> [Mother] has custody of [A.P.] and it will remain that way during my, [Father], caring for [A.P.] for this period of time.
> Also the child support coming outta [Father] check will be paid back in full every week. If not paid this paper is voided.

(Petitioner's exh. 1). After the agreement was signed, Mother left A.P. with Father.

On August 10, 2011, Father filed a petition for emergency custody, as well as a petition to modify custody. On August 25, 2011, the trial court awarded Father temporary custody of his minor child and temporarily terminated his child support. Throughout the fall of 2011, the trial court conducted several hearings in which Father was permitted to retain temporary custody and Mother was granted parenting time.

Mother returned to Indiana on September 14, 2011. She was able to get her old apartment back and she obtained employment through Elwood Staffing, a temporary employment agency. In November of 2011, she entered in a relationship with Jason

3

Farnsworth (Farnsworth), who works as a mechanic for a tree service business in South Bend. At the beginning of July 2012, Mother obtained custody of her older child, who was previously in the care of the child's step-grandfather. Mother and Farnsworth live in a two-bedroom apartment in which the children share a room.

On March 12, April 11, August 3, and August 10, 2012 respectively, the trial court conducted hearings on Father's petition to modify custody. On August 10, 2012, the trial court entered its order, denying Father's request for modification, concluding that "Mother shall remain the permanent caregiver of the minor child" with Father being granted parenting time pursuant to the Indiana Parenting Time Guidelines. (Appellant's App. p. 27). The trial court also ordered Father to pay a weekly child support amount of $99.

Father now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Father contends that the trial court abused its discretion by denying his petition to modify custody of his minor child. When reviewing a custody determination, we afford the trial court considerable deference as it is the trial court that observes the parties' conduct and demeanor and hears their testimonies. *Kondamuri v Kondamuri*, 852 N.E.2d 939, 945-46 (Ind. Ct. App. 2006). We review custody modifications for an abuse of discretion "with a preference for granting latitude and deference to our trial judges in family law matters." *Werner v. Werner*, 946 N.E.2d 1233, 1244 (Ind. Ct. App. 2011), *trans. denied*. We will not reweigh the evidence or judge the credibility of the witnesses. *Kondamuri*, 852 N.E.2d at 946. Rather, we will reverse the trial court's custody

4

determination based only upon a trial court's abuse of discretion that is clearly against the logic and effect of the facts and circumstances or the reasonable inferences drawn therefrom. *Id*. It is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by the appellant before there is a basis for reversal. *Kirk v. Kirk*, 770 N.E.2d 304, 307 (Ind. 2002).

As with other child custody modifications, modifications of custody subsequent to a paternity determination are to be made according to Indiana Code section 31-14-13-6, which provides that a child custody order may not be modified unless modification is in the best interests of the child and there is a substantial change of circumstances in one or more of the factors that a court may consider under Indiana Code section 31-14-13-2. These statutory factors are:

> (1) The age and sex of the child.
> (2) The wishes of the child's parents.
> (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
> (4) The interaction and interrelationship of the child with:
>> (A) the child's parents;
>> (B) the child's siblings; and
>> (C) any other person who may significantly affect the child's best interest.
> (5) The child's adjustment to home, school, and community.
> (6) The mental and physical health of all individuals involved.
> (7) Evidence of a pattern of domestic or family violence by either parent.
> (8) Evidence that the child has been cared for by a *de facto* custodian, and if the evidence is sufficient, the court shall consider the factors described in section 2.5(b) of this chapter.

Because Father filed the petition to modify child custody, he carries the burden of establishing circumstances so substantial and continuous as to make the terms of the original child support determination unreasonable. *MacLafferty v. MacLafferty*, 829

N.E.2d 938, 940 (Ind. 2005). In his petition, Father alleged that "[t]here has been a substantial change of circumstances which makes the existing order of custody unreasonable for: Mother has abandoned the minor child with the [Father] and moved to Texas with her boyfriend." (Appellant's App. p. 58). In his brief, Father claims that Mother has demonstrated a "startling lack of stability" in her life, personal relationships, and an inability to sustain any regular type of employment. (Appellant's Br. p. 21).

The evidence reflects that Mother stayed in Texas less than two months and returned to Indiana within one month of Father commencing the instant proceedings. Since her return, Mother got her old apartment back, obtained employment through a temporary employment agency, and entered into a stable relationship. Throughout these proceedings, Mother has complied with all court orders, including the trial court's requirements regarding visitation with A.P.

Although Father introduced evidence that Mother's apartment was dirty and that she regularly frequented bars, the witness testifying to this had last seen Mother's apartment in the fall of 2010—a full year prior to Mother's announced relocation to Texas—and had last encountered Mother in a bar in 2009. In fact, most of Father's evidence alludes to circumstances occurring for the most part, at least one year to several years prior to the filing of his petition to modify. Father admitted during the hearing that his petition was triggered by Mother's filing of her intent to relocate and Father's desire to keep his child in Indiana.

The totality of the evidence reflects that there is a close relationship between Mother and A.P. Despite the brief Texas hiatus, Mother has continued to provide

6

adequate care for A.P., including medical care, is on track to improve her life, and receives support from her parents, who regularly babysit A.P. Based on the record before us, we agree with the trial court that Father failed to establish a substantial change of circumstances as to make the terms of the original child support determination unreasonable. We affirm the trial court's denial of Father's petition to modify custody of A.P.

CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion when it denied Father's petition to modify custody.

Affirmed.

BAKER, J. and BARNES, J. concur